UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAMIL A SERRANO,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　　　Respondent. | Case No. C19-5419 RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **August 13, 2019** |

Petitioner Ramil Serrano, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 7. Petitioner challenges his 2019 conviction and sentence for Rape of a Child in the First Degree. *Id*. The Court declined to serve his petition, because the Court concluded upon review that the petition was subject to dismissal, due to a failure to exhaust state court remedies. Dkt. 9.

The Court ordered petitioner show cause as to why his petition should not be dismissed without prejudice. *Id*. On June 26, 2019, petitioner filed a response to the order to show cause, conceding that his claim was unexhausted but contending that exhaustion of his state remedies was inappropriate due to the constitutional nature of his claim. Dkt. 10.

Petitioner's response has neither addressed the exhaustion requirement nor shown that state remedies would be ineffective to protect his rights. Accordingly, the Court recommends that the unexhausted petition be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

*I.  Exhaustion*

Before a federal writ of habeas corpus may issue, a state prisoner must exhaust all state judicial remedies by a full and fair presentation of any federal claims to the state courts. 28 U.S.C. § 2254(b)(1). In accordance with the principles of federalism, state courts have the statutory right to first adjudicate the constitutional claims raised by state prisoners, before a federal court may consider the case. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). After the highest state court has made its determination, a worthy habeas petitioner may then properly present his claims to the federal courts, if he can show that the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where a case remains under appeal, a habeas petition is premature. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983) (petitioner seeking federal habeas relief must await the outcome of his state court appeal).

Petitioner's judgment and sentence remain under direct appeal in the state courts, and his appeal does not raise the claims he proposed in his habeas petition. Dkt. 7 at 3. The Court advised petitioner in its order that the petition was – on its face -- unexhausted and premature. Dot. 8. Petitioner argues that because he alleges the state's own constitution to have violated the U.S. Constitution, this case is one of the extraordinary habeas cases that should avoid the exhaustion requirement of 28 U.S.C. § 2254. Dkt. 10 at 15. In the alternative, he cites two statutes other than § 2254 that (he contends) would allow the court to consider his unexhausted claims, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Dkt. 10 at 17, 21.

These arguments fail because petitioner's claims fall within the typical purview of the habeas statute in 28 U.S.C. § 2254. Merely alleging a constitutional violation has occurred does

REPORT AND RECOMMENDATION - 2

1  not constitute the extraordinary circumstances under which this court would decline to follow to

2  strong rule of comity inherent to the exhaustion requirement of §2254.

3      Furthermore, neither of the statutes that plaintiff cites relieve him from the exhaustion

4  requirement. While 28 U.S.C. § 1331 generally establishes the jurisdiction of federal district

5  courts to review civil actions arising under the constitution or federal statute, and 28 U.S.C. §

6  1343(a)(3) gives district courts original jurisdiction over civil actions regarding equal rights

7  violations, neither statute can be used by a state prisoner to circumvent the exhaustion

8  requirement in a bid to challenge the fact of his detention. *See Smartt v. Avery*, 411 F.2d 408,

9  409 (6th Cir. 1969).

10  *II.*    Available remedies

11      Under the applicable habeas statute, therefore, the Court may consider an unexhausted

12  federal habeas petition only if it appears "there is an absence of available State corrective

13  process… or circumstances exist which render such process ineffective to protect the rights of the

14  applicant." 28 U.S.C. 2254(b)(1)(B). If there is a state remedy available, the Petition should be

15  dismissed without prejudice and Petitioner will need to return to the state level to exhaust his

16  claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991).

17      Petitioner has a state remedy available -- a personal restraint petition or other collateral

18  attack on his judgment. Washington State imposes a one-year statute of limitations on the filing

19  of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case,

20  Petitioner has a direct appeal currently in process. Dkt. 6 at 3. He may file a petition or motion

21  for post-conviction relief with the court within one year from the date the appellate court issues

22  its mandate disposing of his timely direct appeal from the conviction, or from the date that the

23  United States Supreme Court denies a timely petition for certiorari to review a decision affirming

24  the conviction on direct appeal. *See* RCW § 10.73.090(3)(b), (c). Thus, Petitioner still has the

25

REPORT AND RECOMMENDATION - 3

full one-year tolling period from the date of this Report and Recommendation to file for post-conviction relief in state court.

Petitioner has the impression that the state would not fairly adjudicate claims of unconstitutional action against itself. Dkt. 8 at 4-5. This bare suspicion, without any further allegations of impropriety, cannot show that state corrective processes are unavailable or ineffective. Accordingly, the court finds that petitioner has failed to properly exhaust his state remedies and that state remedies remain available to him. The court recommends the petition be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **August 13, 2019**, as noted in the caption.

Dated this 30th day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5